UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STEVE T. MALU

VS                                                              CASE NO. 1:04cv356 MMP

CITY OF GAINESVILLE

AMENDED ORDER FOR PRE-TRIAL CONFERENCE
AND SETTING TRIAL

All discovery having now been completed, the following pre-trial schedule and procedure is established:

I.  DATES FOR COMPLIANCE WITH PRE-TRIAL PROCEDURE

   A.  This case is set for pre-trial conference before one of the judges of this court at **Gainesville**, Florida, on **Thursday, December 8, 2005** at **10:00 a.m.**.

   B.  The attorney's conference required by paragraph II shall be held no later than **November 23, 2005**.

   C.  The pre-trial stipulation and other pages required by paragraphs III and IV shall be filed with the Clerk of this Court on or before **December 1, 2005**.

   D.  This case will be tried during a trial period commencing on a date to be established at the pre-trial conference.

Entered On Docket: _____ By: _____
Rules 58 & 79(a) FRCP or 32(d)(1) & 55 FRCRP
Copies mailed to:_____
_____
_____

Document No.

II. ATTORNEY'S TO CONFER

Counsel for all parties shall meet together on the date specified in paragraph I(B) for the following purposes:

- A. To discuss the possibility of settlement;
- B. To stipulate to as many facts and issues as possible;
- C. To draw up pre-trial stipulations in accordance with paragraph III of this order;
- D. To examine all exhibits and documents proposed to be used in the trial;
- E. To furnish opposing counsel the names and addresses of all witnesses, including possible rebuttal witnesses and experts;
- F. To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the law in regard thereto; and
- G. To complete all other matters which may expedite both the pre-trial and the trial of this case.
- H. Counsel for the plaintiff shall initiate arrangements for the attorneys' conferences. However, all attorneys in this cause are charged with the duty of meeting in such conferences and of complying with the schedule set forth in this order. If the schedule is not kept by any counsel, it is the duty of the other counsel to insist upon the necessary meeting or meetings to effect the pre-trial stipulation and failing to succeed, to advise the court by motion seeking sanctions against any party failing or refusing to meet as directed after request.

III. PRE-TRIAL STIPULATION

The pre-trial stipulation shall contain the following:

- A. The basis of federal jurisdiction;
- B. A concise statement of the nature of the action;
- C. A brief general statement of each party's case;
- D. A list of all exhibits to be offered at the trial, noting any objections thereto and the grounds for each objection;
- E. A list of names and addresses of all witnesses, including rebuttal and expert, intended to be called at the trial by each party. Expert witnesses shall be labeled as such;
- F. A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions;
- G. A concise statement of those issues of law on which there is agreement;
- H. A concise statement of those issues of fact which remain to be litigated;
- I. A concise statement of those issues of law which remain for a determination by the Court;
- J. A concise statement of any disagreement as to the application of Rules of Evidence or the Federal Rules of Civil Procedure;

  K. A list of all motions or other matters which require action by the Court;

  L. ~~A statement whether this is now a jury or non-jury trial case;~~

  M. Counsel's respective estimates of the length of the trial; and

  N. The signatures of counsel for all parties.

IV. PAPERS TO BE SUBMITTED

No later than the date specified in paragraph I(C), the parties shall file with the Clerk of the Court:

  A. The pre-trial stipulation prepared in accordance with paragraph III of this order.

  B. Each side shall submit to the Clerk of the Court for filing, with copy to opposing counsel, a trial brief or memorandum with citation authorities and arguments in support of that side's position on all disputed issues of law.

  C. Counsel for each party in any _jury_ trial shall submit to the Clerk of the Court for filing, with copies to opposing counsel, written requests for instructions to the jury, together with proposed forms for verdict. Upon good cause shown, supplemental requests for instructions may be submitted at any time prior to the arguments to the jury. All requests for instructions shall be plainly marked with the name and number of the case; shall contain citations of supporting authorities; shall designate the party submitting the same; and in the case of multiple requests by a party shall be numbered in sequence.

  D. Counsel for each party in a _non-jury_ trial shall submit to the Clerk of the Court for filing, with copies to opposing counsel, proposed written findings of fact and conclusions of law or, in lieu thereof, a proposed opinion or memorandum of decision in which such proposed findings of fact and conclusions of law appear, with complete citation authorities where appropriate (see Rule 52, FRCP).

  E. Counsel for each party in any case shall arrange with the Clerk of the Court for marking for identification, in the sequence proposed to be offered, all exhibits intended to be offered by such party.

V. CONDUCT OF THE PRE-TRIAL CONFERENCE

  A. Counsel who will conduct the trial are required to be present for the pre-trial conference. They will be prepared to act with final authority in the resolution of all matters.

  B. The Court will ordinarily dispose of all motions and other matters then at issue. The Court will review all matters contained in the pre-trial stipulation and consider any other matters which may be presented with a view towards simplifying the issues and bringing about a just, speedy, and inexpensive determination of the case.

  C. Counsel will be prepared to discuss, and there will be discussed, the prospects of settlement.

IV. PRE-TRIAL ORDER

    A. Counsel for all parties, with counsel for the plaintiff taking the initiative, shall submit a pre-trial order for the Court's approval within ten (10) days after the pre-trial conference. The pre-trial order so prepared shall incorporate and modify the pre-trial stipulation in light of any additional agreements reached and rulings made at the pre-trial conference.

    B. After the pre-trial order is entered by the Court, the pleadings will be merged therein and the pre-trial order will control the course of the trial and may not be amended except by order of the Court in furtherance of justice.

VII. NEWLY DISCOVERED EVIDENCE OR WITNESSES

If new evidence or witnesses are discovered after the pre-trial conference, the party desiring to use the same shall immediately furnish the complete details thereof, together with the reason for the late discovery, to the Court and to opposing counsel. Use of such evidence or witnesses shall then be allowed only by order of the Court in furtherance of justice.

VIII. ADDITIONAL PRE-TRIAL CONFERENCES

If necessary or advisable, the Court may adjourn the pre-trial conference from time to time or may order additional pre-trial conferences.

IX. SPECIAL MATTERS

    A.         , adopted by this Court August 4, 1977, provides for a jury in civil cases of six (6) persons plus such alternate jurors as may be empaneled. Rule 48, Federal Rules of Civil Procedure, as effective December 1, 1991, abolished alternate jurors, and mandated that all jurors participate in the verdict. Counsel will advise the Court of the number of jurors they desire, whether they will accept a verdict from less than a unanimous jury, and whether they will accept a verdict from a jury of less than six (6).

    B. No motion for summary judgment or other motion filed after the date of this order will be grounds for cancellation or postponement of the pre-trial conference or as a basis for non-compliance with any other requirement of this order. The parties will be expected to comply with this order as fully and to the same extent as though no such motion had been filed. No such motion not served in time for it to be heard and determined at the pre-trial conference, under the time limitations contained in the Federal Rules of Civil Procedure, will be considered. Parties will submit memoranda regarding any such motion to the Court in accordance with Local Rule .

    C. If the case is settled prior to pre-trial conference, it is the responsibility of the parties to see that the Court is immediately advised.

D. Voir dire examinations of jurors will be conducted by the Court. If a party wishes to submit voir dire questions for the Court's consideration, the same must be in writing and filed with the Clerk of the Court at least seven (7) days prior to trial, with copy to opposing counsel. At the conclusion of the Court's voir dire examination, reasonable opportunity will be given for counsel to ask questions they believe should properly be asked because of answers given or other matters occurring during voir dire, not satisfactorily explained by the Court's inquiry.

E. Jury selection will be accomplished in the manner specified to counsel prior to trial, but will be conducted in one of the following ways:
   1. The entire panel will be examined after which the attorneys will be given the opportunity to exercise their challenges; and
   2. The jury box will be filled and those prospective jurors examined, following which challenges must be exercised; those excused will be replaced and the new prospective jurors will be examined as before, this process to be continued until trial jurors are selected. Whichever process is followed, no backstroking will be permitted.

F. Should a party or his attorney fail to appear at a pre-trial conference or otherwise fail to comply with this order, an ex parte hearing may be held and judgment of dismissal or default or other appropriate judgment entered or sanctions imposed.

Counsel, as used herein, means and includes any party who is appearing pro se.

DONE and ORDERED this 3rd day of November, 2005.

_____
MAURICE M. PAUL
UNITED STATES DISTRICT JUDGE
SENIOR JUDGE

**UNITED STATES DISTRICT COURT**
**OFFICE OF THE CLERK**
*Northern District of Florida*

| Headquarters Office | Division Office |
|---|---|
| U.S. Federal Courthouse | Room 243 |
| 111 N. Adams St. | 401 SE 1st Avenue |
| Tallahassee, FL 32301 | Gainesville, FL 32601 |
| (850) 521-3501 | (352) 380-2400 |
| Fax(850) 521-3636 | Fax (352) 380-2424 |

Counsel of Record

re: evidence/exhibit preparation for trial

Dear Counsel;

Pursuant to pretrial requirements of the U.S. District Court for the Northern District of Florida, this letter provides guidelines for the preparation and handling of trial exhibits.

General information and minimum requirements

1. Counsel for each party in any case should, in advance of trial, mark each exhibit proposed to be offered in evidence or otherwise tendered to any witness during trial. Exhibits will retain the same number throughout court proceedings whether identified, offered or admitted. To avoid confusion, it is preferred that like parties share exhibit numbers. If it is not practical for co-plaintiffs or co-defendants to share exhibit numbers, like parties may identify exhibits by placing the party's name prior to the exhibit number on all exhibit stickers and exhibit lists (for example: Smith-1, Jones-1, etc.).

2. The exhibits should be individually marked for identification with a secured sticker denoting the appropriate party, the case number and the exhibit number (see Attachment 1). Exhibits should be sequentially numbered in the order they are proposed to be offered. Composite exhibits should have identified sub-exhibits denoted by a letter following the exhibit number (example: Exhibit 1 is a medical file; documents from the file are marked 1a, 1b...1z, 1aa, etc.).

3. Upon marking the exhibits, counsel should prepare a list of such exhibits, in sequence, with a descriptive notation sufficient to identify each separate numbered exhibit and should furnish copies of the list to opposing counsel and to the court at commencement of trial (see Attachment 2). Counsel should inform the court of exhibits to which admission has been stipulated.

4. Upon identification the courtroom deputy clerk will retain custody of exhibits. The courtroom deputy cannot anticipate the need for exhibits by counsel during examination and cross- examination of witnesses. Counsel should be prepared to ask for exhibits by exhibit number or counsel may request exhibits during breaks between witnesses. Counsel may wish to have additional copies of documentary exhibits on hand for use in examining witnesses. All exhibits that are intended as part of the record should be returned to the courtroom deputy clerk when examination of the witness is completed.

5.  The Eleventh Circuit Court of Appeals has established that documents of unusual bulk or weight and physical exhibits other than documents shall not be transmitted by the Clerk of this Court with the record on appeal (see FRAP 11 - 11th Circuit Rules). Oversized exhibits, posters, and nondocumentary exhibits may be used at trial for demonstrative purposes, but they will be returned to counsel at the conclusion of trial. This includes sensitive exhibits in criminal trials. If the court of appeals requests exhibits that are retained by counsel, it is the responsibility of counsel to make arrangements for transportation and shipping of those exhibits to Atlanta.

Recommendations for marking

Some steps in exhibit preparation make the use of exhibits in trial flow faster and more efficiently. The following suggestions are not requirements of the court and may not be practical or economical in some trials.

Three-ring binders. Counsel may find it useful, in situations where voluminous paper exhibits are to be offered, to place the exhibits in three-ring binders with a numbered tab index.

Oversized exhibits and posters. As previously mentioned, any oversized exhibits, non-documentary exhibits and posters will be returned to counsel at conclusion of trial. Counsel should consider filing file size (8.5 x 11") copies of posters and photographs of nondocumentary exhibits if they wish those exhibits considered in any appeal.

Return of exhibits

The Clerk will return all oversized, sensitive and nondocumentary exhibits to counsel at the conclusion of trial. The Clerk will retain and dispose of all other retained exhibits in accordance with Local Rule 5.2 (see Attachment 1). Please note that it is the responsibility of counsel to retrieve exhibits from the clerk upon the decision of this court or, in the event of an appeal, upon the decision of the appeals court.

If you have any questions regarding trial exhibits, please contact the courtroom deputy clerk for the judicial officer assigned to your case.

Sincerely,

WILLIAM MCCOOL, CLERK
by

Blair Patton
Courtroom Deputy Clerk

Attachment 1

> **Local Rule 5.2 Exhibits - Disposition:**
>
> (A) All exhibits offered or received in evidence during any proceeding in this court shall be delivered to the clerk who shall keep them in custody unless otherwise ordered by the court, except:
>
> (1) Sensitive exhibits, such as, but not limited to, illegal drugs, explosives, weapons, currency, articles of high monetary value, exhibits of a pornographic nature, or the like, shall be retained by the submitting law enforcement agency or party who shall then be responsible to the court for maintaining custody and the integrity of such exhibits; and
>
> (2) The clerk may, without special order, permit an official court reporter to retain custody pending preparation of the transcript.
>
> (B) All models, diagrams and exhibits remaining in the custody of the clerk shall be retrieved by the parties within three (3) months after the case is finally decided, unless an appeal is taken. In all cases in which an appeal is taken, all exhibits shall be retrieved within thirty (30) days after the filing and recording of the mandate of the appellate court finally disposing of the case.
>
> (C) If exhibits are not retrieved as required by this rule, the clerk may destroy them or make such other disposition as may be authorized by the court.

Northern District of Florida - Local Rule 5.2

Standard exhibit labels examples

| GOVERNMENT EXHIBIT 1 | PLAINTIFF'S EXHIBIT 2 | DEFENDANT'S EXHIBIT 3 A |
|---|---|---|
| case number | TCA 99-40999-MP | 4:99-cv-999-MP |
| Government Gold Label | Plaintiff Pink Label | Defendant Blue Label |

Alternate exhibit labels

These larger labels or labels like them may be used as an alternative to the standard labels. These labels are available in limited quantities from the clerk's office and are especially useful in marking posters, binders and other large exhibits.

```
Plaintiff's Exhibit # 1

Date  (blank - to be filled in at trial)    ID'd

Date _____    IN EVID.

Case #: TCA 99-40999-MMP

Case Style: John Q. Doe

vs. William Z. Smith
```
Plaintiff Large Gold Label

```
Defendant's Exhibit # 1

Date  (blank - to be filled in at trial)    ID'd

Date _____    IN EVID.

Case #: 4:99-cv-999-MMP

Case Style: John Q. Doe

vs. William Z. Smith
```
Defendant Large Blue Label

Attachment 2 - EXAMPLE OF EXHIBIT LIST

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN Q. DOE,
    Plaintiff

v.

WILLIAM Z. SMITH and
THE CITY OF GOTHAM,
    Defendants

GCA 99-40999-JUDGE
1:99-cv-999-JUDGE

### Example Plaintiff's Trial Exhibit List

| Pltf # | Date ID'd | Date Admitted | Witness(es) | Description |
|---|---|---|---|---|
| 1 | leave blank | leave blank | Paul Jones | Letter to John Doe from Paul Jones dated 3/1/95 re: salary review. |
| 2a | leave these two columns blank - to be filled in during trial | | Dr. David Brown | Audiotape of meeting on 5/1/95. |
| 2b | | | " " | Transcript of pltf exh 2a - audiotape |
| 3 | | | Sally Smith, Paul Jones (Stipulated) | Poster - Map of USA (for demonstrative purposes only) |
| 3a | | | | File size copy of map pltf exh 3 |
| 4 | | | | Poster - enlargement of photos 4a-g for demo purposes |
| 4a-g | | | | Photos - 4" x 6" of:<br>a - automobile<br>b - tires<br>c - etc. |
| 5 | | | | Brown Leather Briefcase |
| 5a | | | | Photo of briefcase - pltf exh 5 |
| 6 | | | | Acme Co. Procedures manual - 1995 |
| 6a | | | | Enlarged excerpt of page 42 from pltf exh 6 |