IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STEVE T MALU,

    Plaintiff,

v.                                                                                            CASE NO. 1:04-cv-00356-MP

CITY OF GAINESVILLE,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 204, Motion for Attorney Fees, filed by the defendant City of Gainesville and docs. 201-03 in which the City seeks to tax costs against Mr. Malu. The defendant responded at docs. 215 and 228, and a hearing was held on September 25, 2007. (see doc. 229). In the meantime, Mr. Malu appealed the underlying judgment, and a mandate was recently issued, doc. 246, affirming the judgment in favor of the City of Gainesville. The matter of fees and costs is thus ripe for adjudication.

A defendant in a civil rights case may recoup attorney's fees from a plaintiff under 42 U.S.C. § 1988. Section 1988 provides that in certain enumerated actions, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988 (2000). Although § 1988 does not differentiate between types of prevailing parties, a prevailing defendant who seeks to recover attorney's fees must not only prevail, but also establish that the plaintiff's claim was "frivolous, unreasonable, or without foundation, even though not brought in bad faith," in order to recover attorney's fees. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). A defendant does not have to show that a claim was groundless when filed in order to recovery attorney's fees. Continuing to

litigate after the claim is clearly meritless is enough to allow the defendant to recover attorney's fees. Id. at 422. (finding that a plaintiff can be assessed attorneys' fees if "a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.")  The decision to impose attorney's fees is within the sound discretion of the district court. See Turner v. Sungard Business Systems, Inc., 91 F.3d 1418, 1422 (11th Cir. 1996).  What constitutes a reasonable fee is also within the sound discretion of the district court. See Webb v. Board of Educ. of Dyer County, Tenn., 471 U.S. 234, 242 (1985).

In the instant case, the Plaintiff filed affidavits of several individuals who averred that Mr. Motes had a certain level of involvement in rejecting Mr. Malu's application.  The Court relied upon those affidavits to deny the City's motion for summary judgment.  During the trial, however, these individuals testified differently, indicating that Mr. Motes was not actually involved to the extent averred in the affidavits.  For this reason, the Court entered a directed verdict in open court against Mr. Malu.  Doc. 191.

Moreover, it is clear that Plaintiff knew or should have known before the trial that these witnesses would testify differently at trial.   The Court credits the Defendant's counsel's statements in the City's motion at doc. 204, and in the hearing on attorney fees, that Mr. Malu was made aware that these witnesses were not going to testify the way he wanted them to. Following receipt of the Court's Order denying summary judgment and in preparation for the trial of this matter, the City's attorneys spoke to Mr. Charles Chestnut and Mr. Kenneth Nunn, both of whom had provided affidavits filed by the Plaintiff in support of his response to the City's motion for summary judgment. Both Nunn and Chestnut made clear that Motes had absolutely no involvement in terms of narrowing the field of candidates and that Motes did not

make any decision with regard to the Plaintiff's application. The Plaintiff's counsel was informed of this prior to the start of trial and had ample opportunity to interview these witnesses himself to learn their likely testimony. See doc. 204, pp 13-14.

Despite this fact, and the fact that the Plaintiff knew that the affidavits, as drafted by the Plaintiff and/or his counsel, were not an accurate reflection of the facts of the case, the Plaintiff proceeded to try the case, calling as witnesses Bob Amar, Chandra Hampton, D.J. Ferguson, Charles Chestnut IV, and Kenneth Nunn--none of whom testified that Motes had any decisionmaking authority whatsoever with regard to the rejection of the Plaintiff's application and none of whom provided any evidence of discriminatory or retaliatory animus by the City, the City Commission, the Ad Hoc Committee or Slavin against the Plaintiff.

Plaintiff's lawsuit became frivolous at the moment that he knew or should have known that these witnesses were not going to support his argument that Mr. Motes was the ultimate decisionmaker.  Thus, the Court finds that the City is entitled to all reasonable attorney's fees and costs which were accrued after Mr. Malu was informed by the City's counsel of the likely testimony of these witnesses. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Pursuant to Local Rule 54.1(D), the Court finds that Plaintiff is liable for attorneys' fees and related nontaxable expenses for the period after the City's counsel informed Mr. Malu of the likely testimony of the witnesses described above.

The City and the Plaintiff shall now file the documents and follow the procedures found in Local Rule 54.1(E).

**DONE AND ORDERED** this  _16th_  day of June, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

*Case No: 1:04-cv-00356-MP*