IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STEVE T MALU,

    Plaintiff,

v.                                                                   CASE NO. 1:04-cv-00356-MP

CITY OF GAINESVILLE,

    Defendants.

_____/

**O R D E R**

This matter is before the Court pursuant to Local Rule 54.1, Motions for Attorneys' Fees. That rule directs that attorneys' fees in a case like this be handled in four stages. First, during the pendency of the action, any attorney who may later desire to claim fees must comply with the Attorneys' Fees Records provisions of Local Rule 54.1(B) which requires the filing of monthly attorney time summaries. Later, when the time for seeking attorneys' fees has arrived, a party seeking attorneys' fees must first confer with the other side to attempt to settle both liability for, and the amount of, attorneys' fees, pursuant to Local Rule 54.1(C). If settlement efforts are unsuccessful, the party seeking fees may file a motion for attorneys' fees, and the process is further bifurcated. First, under Local Rule 54.1(D), the party seeking fees must file a motion addressing only the liability for attorneys' fees, and the opposing party will be entitled to a response. Then, if the Court rules that the opposing party is liable for fees, the parties will then turn to the issue of determining the amount of the fees.

At the determination of amount stage, the party awarded fees begins by filing two affidavits. Local Rule 54.1(E)(1)-(3). One sets out those hours reasonably spent in the prosecution or defense of the case, with sufficient detail to identify the exact nature of the work

performed and that such work related to a claim on which the party is entitled to fees.  The second affidavit must be from an attorney familiar with the area of law involved and must justify the requested hourly rate as reasonable.  Local Rule 54.1(E)(3).

The opposing party can then accept or reject the amount of fees and the hourly rate, but must:  (a) Identify which hours are objected to and for what reason; (b) If there is objection as to the proposed "prevailing market rate," submit an affidavit as to the prevailing hourly rate believed to be more appropriate; and (c) Propose an amount of attorneys' fees or expenses that the party would be willing to pay, without prejudice to pursue on appeal the legal liability of that party for attorneys' fees and expenses, or the amount thereof.

Once the affidavits and response by the opposing party have been filed, the Court can enter an order awarding the amount of fees found to be reasonably necessary in prosecuting the action, or the Court can refer the matter to a special master pursuant to Local Rule 54.1(F).

In the instant case, the Defendant has filed the monthly Attorney Time Records required under Local Rule 54.1(B) throughout the pendency of the action.  See, for example, doc. 179-182.  Additionally, the City, in its motion at doc. 204, certified that it attempted to settle both the liability for, and amount of, fees, but that such attempt was unsuccessful.  Doc. 204, p. 8.  Thus, in doc. 204, the City filed a motion for attorney's fees that addressed the issue of liability only, pursuant to Local Rule 54.1(D).  The plaintiff responded, doc. 215, and argued that fees should not be awarded because plaintiff made out a prima facie case and the case was not frivolous or without foundation.  Plaintiff also offered an affidavit by another lawyer offering the opinion that the case was not frivolous.  Doc. 228.  A hearing was held on the matter on September 25, 2007.

In doc. 248, the Court granted the City's motion for determination of liability for

attorneys' fees.  In that Order, the Court concluded that while this case may not have appeared groundless when first filed, Mr. Malu continued to litigate the claim after he had reason to know that the claim was groundless.  The Court then directed the parties to follow the procedures in Local Rule 54.1(E) for determining the amount of fees and the hourly rate.

The City therefore timely filed an affidavit concerning the hours expended and the hourly rate sought, as well as an affidavit from an attorney familiar with the area of the law who justified the requested hourly rate.  Docs. 250-51.  At that point, the plaintiff should have filed an acceptance or rejection of the amount of hours sought or the hourly rate sought.  Instead, Plaintiff filed a document which addressed an issue already resolved - the plaintiff's liability for attorney's fees.  Doc. 252.

Furthermore, the plaintiff attempted to support this document with Doc. 254, an affidavit signed by Professor Nunn, in which he averred, "At no time prior to my testimony of July 18, 2007, did I ever speak with attorney Tom Gonzalez or anyone from his office or anyone from the City or the City Attorney's office about the Malu case or my affidavit."  The City responded in doc. 255 (Defendant's Motion to Strike Plaintiff's Rejection of Amount Being Claimed as Attorney's Fees and Affidavit of Kenneth Nunn)  with a host of documents that conclusively proved that Mr. Gonzalez did meet with Professor Nunn and in fact there were a series of meetings or phone calls.  Thus, in Doc. 257, Mr. Malu withdrew the affidavit, and argued that the portion of doc. 255 that asked the Court to strike the affidavit had become moot. The Court agrees that the motion to strike the affidavit has become moot.

In addition, however, the Motion to Strike at doc. 255 also asks the Court to strike the entire response by the plaintiff since it deals with liability for fees instead of a determination of

reasonable amount and hourly rate. In doc. 257, Mr. Malu responds that he rejects the hours claimed, but not because of unreasonable amount. Instead, he makes the argument that "the Plaintiff objects to and is rejecting any and all hours being claimed as attorneys' fees by the Defendant and that the reason for no counter offers is because the Plaintiff, Malu refuses to waive any right that he has to appeal an award of attorney fees." In other words, Plaintiff seems to be worried that by moving on to the second part of the bifurcated process, he would somehow be waiving his right to contest his liability for attorneys fees.

That is simply not the case. In Local Rule 54.1(E)(4)(c), the opposing party is entitled to make a counteroffer, "without prejudice to pursue on appeal the legal liability of that party for attorneys' fees and expenses, or the amount thereof." The Court hereby expressly holds that by responding to the affidavits of the City in the manner set out by Local Rule 54.1(E)(4), the Plaintiff does not waive his objection to, and right to appeal, his liability for attorneys' fees as set out in the Order at doc. 248, or an objection to, or right to appeal, the amount of hours or the hourly rate. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

To the extent that doc. 252, Plaintiff's Rejection of Amount Being Claimed as Attorney's Fees, is actually a motion to reconsider the prior order resolving liability for attorneys' fees, it is denied.

The Affidavit of Professor Nunn, doc. 254, is withdrawn pursuant to the response at doc. 257, thus the portion of doc. 252 that is Defendant's Motion to Strike Affidavit of Kenneth Nunn, is denied as moot.

The remaining portion of doc. 252, Defendant's Motion to Strike Plaintiff's Rejection of Amount Being Claimed as Attorney's Fees, is granted without prejudice to the Plaintiff filing a proper acceptance or rejection under Local Rule 54.1(E), as described next.

Plaintiff must file, by Friday, August 29, 2008, a rejection or acceptance of the amount being claimed as attorneys' fees. If the amount being claimed is rejected, the Plaintiff

shall: (a) Identify which hours are objected to and for what reason; (b) If there is objection as to the proposed "prevailing market rate," submit an affidavit as to the prevailing hourly rate believed to be more appropriate; and (c) Propose an amount of attorneys' fees or expenses that the party would be willing to pay, without prejudice to pursue on appeal the legal liability of that party for attorneys' fees and expenses, or the amount thereof.

Since Plaintiff may respond and counteroffer without waiving his right to appeal the liability or amount issues, Plaintiff has no excuse for failing to offer a proper acceptance or rejection of only the amount of hours and the hourly rate. Thus, any failure to file the response required by Local Rule 54.1(E)(4) will be considered a waiver of Plaintiff's right to oppose the amount of hours and the hourly rate set out in the City's affidavits.

**DONE AND ORDERED** this  *13th*  day of August, 2008

                *s/Maurice M. Paul*
           Maurice M. Paul, Senior District Judge