IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

STEVE T MALU,

    Plaintiff,

v.                                                                CASE NO. 1:04-cv-00356-MP

CITY OF GAINESVILLE,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on the issue of the amount of reasonable attorneys fees to be awarded to the City. Previously, in an order at doc. 348, the Court made clear that the issue of liability for fees had already been resolved, and that Plaintiff was liable for fees and costs for the time period after the Defendant had informed Plaintiff's counsel that his witnesses would not testify in concordance with their affidavits. Defendant's counsel so informed the Court and Mr. Malu at the hearing on the motion in limine on June 28, 2007. See Transcript of June 28, 2007, Hearing, Attachment 1 to doc. 250 p. 2-3. Since the issue of liability for the time period after June 28, 2007, had thus been decided, the Court directed Plaintiff to address the issue of whether the hours claimed were reasonably necessary to the prosecute the case and whether the hourly rate was reasonable. Specifically, the Court stated:

> Plaintiff must file, by Friday, August 29, 2008, a rejection or acceptance of the amount being claimed as attorneys' fees. If the amount being claimed is rejected, the Plaintiff shall: (a) Identify which hours are objected to and for what reason; (b) If there is objection as to the proposed "prevailing market rate," submit an affidavit as to the prevailing hourly rate believed to be more appropriate; and (c) Propose an amount of attorneys' fees or expenses that the party would be willing to pay, without prejudice to pursue on appeal the legal liability of that party for attorneys' fees and expenses, or the amount thereof.

Since Plaintiff may respond and counteroffer without waiving his right to appeal the liability or amount issues, Plaintiff has no excuse for failing to offer a proper acceptance or rejection of only the amount of hours and the hourly rate. Thus, any failure to file the response required by Local Rule 54.1(E)(4) will be considered a waiver of Plaintiff's right to oppose the amount of hours and the hourly rate set out in the City's affidavits.

In response to this Order, the Plaintiff filed document 259. First, the Plaintiff indicated that "Plaintiff does not object to the hourly rates of the attorneys submitted by the Defendant" doc. 249, p. 2. Then, Plaintiff objects to the amount of fees only by rearguing his liability for fees before July 18, 2007. Plaintiff did not identify any hours as being excessive compared to what would be necessary to prosecute the case; he merely attempts to reargue the liability for fees between June 28, 2007 and July 17, 2007. Plaintiff was specifically warned not to reargue that point, and was warned that failing to otherwise object to the amount of fees would constitute a waiver of any opposition to the reasonableness of the amount of the fees.

Accordingly, the Court finds that other than his objection to liability for fees before July 18, 2007, Plaintiff does not object to the amount of hours reasonably expended or the hourly rate requested by the Defendant. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Plaintiff is liable to the Defendant for attorneys fees totaling $27,029.50, representing fees for legal work reasonably expended in defending this suit after June 28, 2007, at a reasonable hourly rate.

**DONE AND ORDERED** this  *10th*   day of September, 2008

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge
